**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3555
_____

DOMINICK GALLUZZO and ANGELA GALLUZZO

v.

COMMISSIONER OF INTERNAL REVENUE,
Appellant
_____

APPEAL FROM THE UNITED STATES TAX COURT
(Docket No. 12-12914)
Judge: Honorable Juan F. Vasquez
_____

Argued:  April 8, 2014
_____

Before: HARDIMAN, SLOVITER and BARRY, Circuit Judges

(Opinion Filed: April 24, 2014)
_____

John Schumann, Esq. (Argued)
Joan I. Oppenheimer, Esq.
Gilbert S. Rothenberg, Esq.
Rachel I. Wollitzer, Esq.
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
Post Office Box 502
Washington, DC 20044

William J. Wilkins, Esq.
Internal Revenue Service
1111Constitution Avenue, N.W.
Washington, DC 20224

Counsel for Appellant

Kenneth R. Cohen, Esq. (Argued)
Davidson, Sochor, Ragsdale & Cohen, L.L.C.
619 River Drive, Suite 200
Elmwood Park, NJ 07407

Counsel for Appellees

_____

OPINION

_____

BARRY, Circuit Judge

    Taxpayers Dominick and Angela Galluzzo filed a petition in the Tax Court seeking a redetermination of income tax deficiencies assessed by the Commissioner of Internal Revenue ("Commissioner"). The Tax Court dismissed the action for lack of subject matter jurisdiction, finding that the Commissioner had failed to mail a notice of deficiency as required by the Internal Revenue Code ("Code"). The Commissioner appeals only the dismissal of Mr. Galluzzo's redetermination claim. We agree with the Tax Court that it lacked jurisdiction, and will affirm its order of dismissal.

## I.    BACKGROUND

    Because we write primarily for the parties, we provide only a brief summary of those facts necessary to our resolution of this appeal.

After conducting an examination of federal income tax returns filed by Galluzzo and his wife in 1999, 2000, and 2001, the Internal Revenue Service ("IRS") determined that the couple was liable for a tax deficiency for each of the three years. According to a U.S. Postal Service Form 3877, the IRS sent separate notices of deficiency by certified mail to the Galluzzos at their home in Saddle Brook, New Jersey on June 2, 2005. On November 7, 2005, having yet to receive payment, the IRS made its assessment of liability for each tax year. It subsequently filed notices of a federal tax lien on the Galluzzos' property with the Clerks of Ocean County and Bergen County, New Jersey.

On June 15, 2006, Mr. Galluzzo filed for Chapter 11 bankruptcy.[1] The IRS filed proofs of claim, listing a secured claim for unpaid taxes, penalties, and interest for the 1999-2001 tax years in the amount of $1,251,456.99. Galluzzo never filed an objection to the proofs of claim and included the IRS's secured claim in his plan of reorganization, which was approved by the Bankruptcy Court in a March 2008 confirmation order. The confirmation order stated that the IRS's secured claim would be treated in the manner set forth in the Court's earlier "Stipulation and Order Determining Liens and Priority on Ocean County Property" ("consent order") resolving an adversary proceeding between Galluzzo and several of his creditors, including the IRS. Among other things, the consent order had stated that the IRS's secured claim would be reduced by $200,000 and that the IRS would "retain its lien for any remaining balance" on the Galluzzos' New Jersey

---

[1] For her part, Angela Galluzzo filed two Chapter 13 bankruptcy proceedings on April 25, 2005 and July 26, 2005, respectively. Ms. Galluzzo voluntarily dismissed each proceeding.

properties. (J.A. 105.) The March 2008 confirmation order added a directive to Galluzzo to pay the federal tax lien within six years of the date of assessment, i.e., by November 2011.

Approximately seven months before that deadline, the Galluzzos filed a complaint in the U.S. District Court for the District of New Jersey contesting their tax liabilities based on the IRS's failure to mail notices of deficiency. In a report and recommendation adopted by the District Court, Magistrate Judge Joseph A. Dickson concluded that the Galluzzos could not pursue relief in the District Court until they had paid the challenged tax assessments and filed a claim for a refund or credit. *Galluzzo v. United States*, No. 11-cv-1607, 2012 WL 2005434, at *2-4 (D.N.J. May 15, 2012). He noted that, as an alternative, the Galluzzos could file a petition in the Tax Court, which had authority to determine, as part of its own jurisdictional analysis, whether valid notices were issued. A Tax Court ruling that notices were never sent to the Galluzzos, he opined, would "effectively void[] the assessment[s]" against them. *Id.* at *4. Accordingly, on May 21, 2012, the Galluzzos initiated an action in the Tax Court seeking redetermination of their deficiency assessments. In the petition, the Galluzzos claimed that the Commissioner had failed to furnish and they had not received any notices of deficiency, and, as a consequence, the assessment of liabilities was barred.

The Tax Court agreed that the Commissioner had failed to satisfy his burden of proving he had prepared and sent notices of deficiency to the Galluzzos by certified or registered mail in accordance with I.R.C. § 6212(a)-(b)(1). The Court specifically found

4

that a Form 3877, standing alone, was insufficient to prove that a notice of deficiency had been created and mailed. Highlighting the significance of its determination, the Tax Court noted that, "under normal circumstances," the IRS cannot assess a tax deficiency until a notice of deficiency has been validly issued and mailed. (J.A. 6); *see also* I.R.C. § 6213(a). In the Tax Court's view, proof of proper mailing was also a prerequisite for its own assertion of subject matter jurisdiction. It, therefore, dismissed the action for lack of jurisdiction. The Commissioner timely appealed.

## II.     ANALYSIS[2]

The threshold—and, ultimately, dispositive—question on appeal is whether the Tax Court had jurisdiction over the Galluzzos' redetermination action. We find, as did the Tax Court, that it did not.

The parties agree, as do we, that, in order for the Tax Court to exercise subject matter jurisdiction over a redetermination action, the Commissioner must have mailed a notice of deficiency in accordance with I.R.C. § 6212. Section 6214(a) of the Code provides that "the Tax Court shall have jurisdiction to redetermine the correct amount of [a] deficiency . . . *notice of which has been mailed to the taxpayer*." (emphasis added). Indeed, both our Court and the Tax Court have described the statutory notice requirements in jurisdictional terms. We have stated that "the Tax Court has limited jurisdiction, and is authorized only to hear petitions for redetermination after . . .

---

[2] We have authority under I.R.C. § 7482(a) to review the Tax Court's order of dismissal. We review the Tax Court's legal conclusions de novo and its factual findings for clear error. *Anderson v. Comm'r*, 698 F.3d 160, 164 (3d Cir. 2012).

5

issu[ance of] a deficiency notice." *Chase Manhattan Bank, N.A. v. Gov't of the V.I.*, 300 F.3d 320, 324 (3d Cir. 2002) (discussing *Dudley v. Comm'r*, 258 F.2d 182, 183-84 (3d Cir. 1958)). In *Dudley*, "the Tax Court had no jurisdiction" because the notice at issue did not comply in all respects with the Code. *Id.* The Tax Court has similarly dismissed redetermination suits in the taxpayer's favor for "lack of jurisdiction" on the basis that notice was not properly mailed and no assessment could be enforced. *See, e.g.*, *Monge v. Comm'r*, 93 T.C. 22, 27-30 (1989); *Shelton v. Comm'r*, 63 T.C. 193, 197-98 (1974); *see also Offiler v. Comm'r*, 114 T.C. 492, 498 (2000) ("[T]he absence of a valid notice of deficiency is a basis for dismissal for lack of jurisdiction.").

On appeal, the Commissioner does not take issue with the fact, and fact it be, that it was his burden to establish that deficiency notices had been prepared and mailed to the Galluzzos. *See Pietanza v. Comm'r*, 92 T.C. 729, 736-37 (1989). Nor does he challenge the Tax Court's factual finding that he failed to satisfy that burden. He instead contends that the Tax Court should not have made its own jurisdictional finding as to whether notices of deficiency were issued and mailed (and, by extension, whether the IRS's assessment was valid), because the Bankruptcy Court's consent and confirmation orders, which establish that Galluzzo owes and must pay a debt to the IRS, are res judicata with respect to the issues of notice and his tax liability, more generally. To allow the Tax Court to consider the proof of notice question anew, argues the Commissioner, would undermine the finality and validity of the Bankruptcy Court's rulings.

That argument is not without appeal. Galluzzo was able to, but did not, dispute

6

the validity of the IRS's secured claim before the Bankruptcy Court. His assertion in the Tax Court that he never received a mailed notice of deficiency does appear to be a belated attempt to dodge his tax debt based on what the Commissioner essentially describes as a technicality.

Nonetheless, we find the Commissioner's position unpersuasive. Jurisdiction is not a mere technicality. It must exist for a federal court to adjudicate a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Moreover, the Commissioner offers no legal authority for the proposition that the Tax Court is *required* to give preclusive effect to rulings in a prior proceeding when, in a subsequent proceeding, it must determine facts relevant to its own subject matter jurisdiction. On the contrary, well-established case law points in the other direction. "When at any time and in any manner it is represented to the [Tax] Court that it does not have jurisdiction, the [Tax] Court should examine the grounds of jurisdiction before proceeding further . . . ." *Shelton*, 63 T.C. at 198. The Tax Court's "jurisdiction cannot be enlarged by agreement of the parties, or waiver, or failure to object." *Romann v. Comm'r*, 111 T.C. 273, 281 (1998). Thus, a party's invocation of res judicata, even if well-founded, cannot prevent the Tax Court from fully assessing its own subject matter jurisdiction. Galluzzo's failure to advance an invalid notice argument in the Bankruptcy Court could not preclude the Tax Court from reviewing whether any such notice was properly issued and mailed, as that is a question vital to its own jurisdiction.

We are well aware of the unusual dimensions of the Tax Court's jurisdictional

holding under review. Galluzzo has used the Tax Court's lack of jurisdiction to obtain, at least in the Tax Court, a favorable judgment, essentially on the merits. Decisions of our Court and of the Tax Court establish, however, that the issuance of a valid deficiency notice is a jurisdictional necessity, and the Commissioner offers no contrary authority; indeed, he endorses that very rule. Accordingly, the Tax Court did not err by taking steps to assure itself that this threshold jurisdictional requirement had been met and by dismissing the Galluzzos' action once it became clear that the Commissioner had not met his burden to show that mailing of the notice had taken place.

### III.   CONCLUSION

For the foregoing reasons, we will affirm the Tax Court's order of dismissal.